

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.   Criminal No. 3:00CR71
     Civil Action No. 3:14CV259

JEFFREY A. PLEASANT

**MEMORANDUM OPINION**

By Memorandum Opinion and Order entered on April 22, 2003, the Court denied on the merits a motion under 28 U.S.C. § 2255 filed by Jeffrey A. Pleasant. (ECF Nos. 93-94.) On September 23, 2013, the Court received from Pleasant a document titled, "MOTION FOR RELIEF FROM JUDGMENT OR ORDER PURSUANT TO F.R.C.P. 60.(b), (2) NEWLY DISCOVERED EVIDENCE" ("Rule 60(b) Motion," ECF No. 130). As explained below, the Rule 60(b) must be treated as a successive, unauthorized 28 U.S.C. § 2255 motion.

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "gatekeeping mechanism." Felker v. Turpin, 518 U.S. 651, 657 (1996) (internal quotation marks omitted). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of

appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The United States Court of Appeals for the Fourth Circuit has held "that district courts <u>must</u> treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to 'evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.'" <u>United States v. Winestock</u>, 340 F.3d 200, 206 (4th Cir. 2003) (quoting <u>Calderon v. Thompson</u>, 523 U.S. 538, 553 (1998)). Additionally, the Fourth Circuit has provided the following guidance in distinguishing between a proper Rule 60(b) motion or an improper successive § 2255 motion:

> [A] motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider. Thus, a brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications. Similarly, new legal arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence.

<u>Id.</u> at 207 (internal citation omitted).

Pleasant's Rule 60(b) Motion advances new legal arguments and additional evidence challenging his criminal convictions.

2

(Rule 60(b) Mot. 1-2.) Accordingly, Pleasant's Rule 60(b) Motion must be treated as a successive § 2255 motion. Because the Fourth Circuit has not authorized this Court to entertain Pleasant's successive § 2255 motion, the Rule 60(b) Motion (ECF No. 130) will be dismissed for want of jurisdiction. Pleasant's requests for the appointment of counsel (ECF No. 131) and to proceed in forma pauperis (ECF No. 132) will be denied.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). Pleasant fails to satisfy this standard. Accordingly, a certificate of appealability will be denied.

The Clerk is directed to send a copy of this Memorandum Opinion to Pleasant and counsel for the United States.

Date: April 10, 2014
Richmond, Virginia

/s/ REP
Robert E. Payne
Senior United States District Judge