IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.  Criminal No. 3:00CR71

JEFFREY A. PLEASANT

## MEMORANDUM OPINION

By Memorandum Opinion and Order entered on April 22, 2003, the Court denied on the merits a motion under 28 U.S.C. § 2255 filed by Jeffrey A. Pleasant. (ECF Nos. 93-94.) On August 1, 2014, the Court received from Pleasant a motion seeking relief under Federal Rule of Civil Procedure 60(b) ("Rule 60(b) Motion"). (ECF No. 142.) In his Rule 60(b) Motion, Pleasant contends that the Court should vacate the denial of his § 2255 Motion because the answer of the Government was deficient. For example, Pleasant asserts the Government failed to supplement it Answer with needed records. (Rule 60(b) Mot. 3-4.)

A party seeking relief under Federal Rule of Civil Procedure 60(b) must make a threshold showing of "'timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances.'" Dowell v. State Farm Fire & Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993) (quoting Werner v. Carbo, 731 F.2d 204, 207 (4th Cir. 1984)). After a party satisfies this threshold showing, "he [or she] then must satisfy one of the six specific sections of Rule

60(b)." Id. (citing Werner, 731 F.2d at 207). Pleasant seeks relief under Rule 60(b)(6), hence, under Federal Rule of Civil Procedure 60(c)(1) he was required to file his motion within a reasonable time after the entry of the April 23, 2003 Memorandum Opinion and Order. Fed. R. Civ. P. 60(c)(1)( "A motion under Rule 60(b) must be made within a reasonable time-and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.") Pleasant's Rule 60(b) Motion, filed more than eleven (11) years after the entry of the challenged judgment, was not filed in a reasonable time. See McLawhorn v. John W. Daniel & Co., Inc., 924 F.2d 535, 538 (4th Cir.1991) ("We have held on several occasions that a Rule 60(b) motion is not timely brought when it is made three to four months after the original judgment and no valid reason is given for the delay." (citing Cent. Operating Co. v. Utility Workers of Am., 491 F.2d 245 (4th Cir.1974); Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp., 383 F.2d 249 (4th Cir.1967))). Furthermore, Pleasant fails to demonstrate that he has a meritorious claim. Accordingly, the Rule 60(b) Motion (ECF No. 142) will be denied. The Court will deny a certificate of appealability. Pleasant's Motion to Proceed in forma pauperis (ECF No. 143) will be denied as moot.

The Clerk is directed to send a copy of this Memorandum Opinion to Pleasant and counsel for the United States.

Date: October 1, 2015
Richmond, Virginia

/s/ REP
Robert E. Payne
Senior United States District Judge