IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.  Criminal No. 3:00CR71

JEFFREY A. PLEASANT

**MEMORANDUM OPINION**

Jeffrey A. Pleasant, a federal inmate proceeding pro se, brings this motion pursuant to 28 U.S.C. § 2255. (ECF No. 159.) The Government has responded, asserting that Pleasant's § 2255 Motion is untimely. (ECF No. 162.) For the reasons set forth below, the § 2255 Motion will be dismissed as barred by the statute of limitations.

**I. Procedural History**

**A. Initial Federal Proceedings**

Following a jury trial, this Court convicted Jeffrey A. Pleasant of two counts of interfering with commerce by threats or violence, two counts of carrying a firearm during and in relation to a crime of violence, two counts of possession of a firearm in furtherance of a crime of violence, and one count of possession of a firearm by a convicted felon. See United States v. Pleasant, 31 F. App'x 91, 92 (4th Cir. 2002). The Court "determined that Pleasant qualified as an armed career criminal under 18 U.S.C.A.

§ 924(e) (West 2000) and sentenced him to a total of 622 months imprisonment." Id.

Pleasant appealed. The United States Court of Appeals for the Fourth Circuit affirmed Pleasant's convictions and sentence on February 19, 2002. Id. at 93.

Following his direct appeal, this Court denied a 28 U.S.C. § 2255 motion by Pleasant. See United States v. Pleasant, 73 F. App'x 653 (4th Cir. 2003). In the following years, the Court denied a host of unauthorized, successive § 2255 motions filed by Pleasant. See, e.g., United States v. Pleasant, No. 3:00CR71, 2013 WL 2950522, at *1 (E.D. Va. June 13, 2013).

**B. Current Federal Proceedings**

In April of 2017, Pleasant requested permission from the United States Court of Appeals for the Fourth Circuit to file a successive application for § 2255 relief with this Court. (See ECF No. 158-2, at 15-16.) On May 23, 2017, the Fourth Circuit granted Pleasant permission to file a successive § 2255 Motion with this Court. (ECF No. 158, at 1.) The Fourth Circuit stated:

> Pleasant has made a prima facie showing that a new rule of constitutional law announced in Johnson v. United States, 135 S. Ct. 2551 (2015), and held to apply retroactively to cases on collateral review by Welch v. United States, 136 S. Ct. 1257 (2016), may apply to his case. See In re Vassell, 751 F.3d 267, 269 (4th Cir. 2014). Accordingly, we grant his motion for authorization to file a second or successive § 2255 motion based on Johnson, thus permitting consideration

2

of the § 2255 motion by the district court in the first instance.

(Id.)  Pleasant had attached a copy of his proposed, successive 28 U.S.C. § 2255 motion to his request for authorization to file a successive § 2255 motion.  (ECF No. 158-2, at 1-15.)  In that document, Pleasant listed the following grounds for relief:[1]

Ground One       "Unconstitutional Application of the Armed Career Criminal Act."  (Id. at 5.)

Ground Two       "Petitioner was denied equal treatment of the law where he timely sought relief under Johnson v. U.S., 135 S. Ct. 2551 (2015)."  (Id. at 7.)

On June 14, 2017, the Court received from Pleasant his "MOTION FOR RELIEF PURSUANT TO 28 U.S.C. § 2255 AND JOHNSON V. UNITED STATES 135 S. Ct. 2551 (2015)" ("§ 2255 Motion," ECF No. 159.)  In his § 2255 Motion, in support of Ground One, Pleasant contends that, in light of Johnson, he was improperly sentenced to an enhanced sentence under the Armed Career Criminal Act ("ACCA").  Specifically, Pleasant contends:

> Because the petitioner no longer has three ACCA-qualifying convictions, he is no longer an armed career criminal.  His sentence should be vacated because Johnson established a "new rule of constitutional law," that has

---

[1] The Court corrects the emphasis, spacing, capitalization, spelling, and punctuation in the quotations from Pleasant's submissions.  The Court employs the pagination assigned to Pleasant's submissions by the CM/ECF docketing system.

3

been "made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

(§ 2255 Mot. 13 (citation omitted).)

Also, on June 14, 2017, the Court received a Motion for Leave to Amend Motion for Relief Pursuant to § 2255 ("Motion to Amend," ECF No. 160). In the Motion to Amend, which spans nearly 100 pages with attachments, Pleasant seeks to add the following claims:

> Ground Three: Pleasant claims that his federal prosecution was held in violation of:
> (a) The Speedy Trial Act, 18 U.S.C.A. § 3161 et seq.; and,
> (b) The Interstate Agreement on Detainers Act (IADA); and,
> (c) The Sixth Amendment.

(Mot. Amend 4.)

> Ground Four: The government failed to disclose exculpatory evidence to the defense . . . .

(Id. at 19.)

> Ground Five: Pleasant claims that he is actually innocent of the offenses and violating the Project Exile law enforcement agreement/initiative, he was denied equal treatment in the diversion process.

(Id. at 20.)

As explained below, Ground One is barred by the relevant statute of limitations, Ground Two is frivolous, and Grounds Three through Five fail to satisfy the standard for successive § 2255 motions.

4

## II. The Standard For Successive § 2255 Motions

The Fourth Circuit granted Petitioner pre-filing authorization to file a successive motion in this Court pursuant to 28 U.S.C. § 2255(h)(2). Under § 2255(h)(2), Pleasant must demonstrate that his claim is based upon "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2).

The Fourth Circuit's determination that Pleasant satisfies § 2255(h) "is 'tentative in the following sense: the district court must dismiss the motion that [the Fourth Circuit has] allowed the applicant to file, without reaching the merits of the motion, if the court finds that the movant has not satisfied the requirements for the filing of such a motion.'" McLeod v. Peguese, 337 F. App'x 316, 324 (4th Cir. 2009) (quoting Bennett v. United States, 119 F.3d 468, 470 (7th Cir. 1997)). Specifically, this controlling statute states, "[a] district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section." 28 U.S.C. § 2244(b)(4); see United States v. MacDonald, 641 F.3d 596, 604 (4th Cir. 2011) (citing United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003)).

5

To satisfy 28 U.S.C § 2255(h)(2), Pleasant must demonstrate for each of his claims: (1) that the claim relies upon a new rule of constitutional law that was previously unavailable; and (2) that the Supreme Court has made that rule retroactive to cases on collateral review. As explained below, Grounds One and Two satisfy this standard, but Grounds Three through Five do not.

Grounds One and Two rely upon the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). In Johnson, the Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." 135 S. Ct. at 2563.[2] In Welch v. United States, 136 S. Ct. 1257 (2016), the Supreme Court held that "Johnson announced a substantive rule that has retroactive effect in cases on collateral review." Id. at 1268.

---

[2] The ACCA provides that

> [i]n the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . . .

18 U.S.C. § 924(e)(1). Under the residual clause, the term violent felony had been "defined to include any felony that 'involves conduct that presents a serious potential risk of physical injury to another.'" Johnson, 135 S. Ct. at 2555 (quoting 18 U.S.C. § 924(e)(2)(B)).

6

Thus, Grounds One and Two satisfy the requirements of 28 U.S.C. § 2255(h)(2).

Grounds Three through Five, however, do not rely on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). Accordingly, Pleasant's Motion to Amend (ECF No. 160) will be denied.

### III. Ground One Is Barred By The Statute of Limitations

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a § 2255 Motion. Specifically, 28 U.S.C. § 2255(f) now reads:

> **(f)** A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> **(1)** the date on which the judgment of conviction becomes final;
> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> **(4)** the date on which the facts supporting the claim or claims presented could have

> been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). The pertinent provisions for Pleasant's § 2255 Motion are 28 U.S.C. § 2255(f)(1)&(3).

**A. 28 U.S.C. § 2255(f)(1)**

Under 28 U.S.C. § 2255(f)(1), Pleasant's conviction became final on Monday, May 20, 2002, when the time for filing a petition for a writ of certiorari expired. See Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." (citing 28 U.S.C. § 2244(d)(1)(A))); see Sup. Ct. R. 13(1) (stating that a petition for certiorari should be filed within ninety days of entry of judgment by state court of last resort or of the order denying discretionary review). Pleasant's § 2255 Motion, filed in 2017, is clearly untimely under 28 U.S.C. § 2255(f)(1).

**B. 28 U.S.C. § 2255(f)(3)**

The next pertinent provision provides for a belated commencement of the limitation period to "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C.

§ 2255(f)(3). As the United States Court of Appeals for the Eleventh Circuit explained:

> The issuance of the Supreme Court's Johnson decision meets both of those requirements. The Supreme Court held in Welch that Johnson announced a new rule that is retroactively applicable to cases on collateral review. See Welch, 136 S. Ct. at 1268. Because the Supreme Court issued Johnson on June 26, 2015, Johnson, 135 S. Ct. 2551, <u>a § 2255 movant wishing to raise a Johnson claim had until June 26, 2016, to file a motion obtaining that claim.</u> See 28 U.S.C. § 2255(f)(3).

Beeman v. United States, 871 F.3d 1215, 1219 (11th Cir. 2017) (parallel citation omitted)(emphasis added). Here, Pleasant did not file a § 2255 motion containing Ground One, his Johnson claim, until 2017. Ground One is barred by the statute of limitations. Accordingly, Claim One will be dismissed.

**IV. Pleasant Fails To State An Equal Protection Claim**

In Ground Two, Pleasant contends that he "was denied equal treatment of the law where he timely sought relief under Johnson v. U.S., 135 S. Ct. 2551 (2015)," (ECF No. 158-2, at 7), and was denied relief. In support of this claim, Pleasant contends that, on January 11, 2016, he filed a pro se Motion for Authorization to File a Successive 28 U.S.C. § 2255 Motion (hereinafter, "2016 Motion for Authorization") with the United States Court of Appeals for the Fourth Circuit, seeking relief based on Johnson. (ECF No. 163, at 2.) The 2016 Motion for Authorization also sought to

9

rehash a number of other grounds for relief that the courts repeatedly had rejected. 2016 Motion for Authorization, Doc No. 2-1, at 136-44, In re Pleasant, No. 16-112 (4th Cir. filed Jan. 11, 2016). Nevertheless, the first ground for relief in Pleasant's proposed § 2255 motion, which was attached to the 2016 Motion for Authorization, was the Johnson claim raised in the present proceedings. (ECF No. 162, at 4); 2016 Motion for Authorization, Doc. No. 2-1, at 136, In re Pleasant, No. 16-112 (4th Cir. filed Jan. 11, 2016). On January 29, 2016, the Fourth Circuit denied Pleasant's 2016 Motion for Authorization. (ECF No. 155.)

Prior to evaluating Pleasant's equal protection argument, it is helpful to review the criteria the Fourth Circuit had to apply in order to grant authorization to file a successive 28 U.S.C. § 2255 motion. Specifically, the controlling statute provides, in pertinent part:

> **(h)** A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
> . . . .
> **(2)** a new rule of constitutional law, <u>made retroactive to cases on collateral review by the Supreme Court</u>, that was previously unavailable.

28 U.S.C. § 2255(h)(2) (emphasis added). Here, at the time Pleasant filed his 2016 Motion for Authorization on January 11, 2016, the Supreme Court of the United States had yet to make the new rule announced in Johnson retroactive to cases on collateral

10

review.³ Thus, the Fourth Circuit could not grant Pleasant permission to file a successive 28 U.S.C. § 2255 motion based on Johnson at that time.

The Fourth Circuit has observed:

> Where the files and records conclusively show that the prisoner is entitled to no relief, summary dismissal is appropriate. If the petition be frivolous . . . on its face, entry of dismissal may be made on the court's own motion without even the necessity of requiring a responsive pleading from the government.

Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

In order to state a plausible equal protection claim, must allege facts that indicate: (1) "that he has been treated differently from others with whom he is similarly situated"; and, (2) that the differing treatment resulted from intentional discrimination. Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001). Pleasant fails to indicate that he has been treated any differently than individuals who prematurely sought authorization to file a successive 28 U.S.C. § 2255 motion based on Johnson. Additionally, Pleasant fails to indicate that he has been treated any differently than individuals who, after the decision in Welch, waited until after June 26, 2016 to seek and obtain authorization to file a successive 28 U.S.C. § 2255 motion.

---

³ The Supreme Court did not make the rule in Johnson retroactive to cases on collateral review until April 18, 2016. Welch v. United States, 136 S. Ct. 1257 (2016).

Accordingly, as the record and the law conclusively demonstrate that Pleasant was not denied equal protection, Ground Two will be dismissed.

## V. Conclusion

For the foregoing reasons, Pleasant's § 2255 Motion (ECF No. 159) will be denied. The Motion to Amend (ECF No. 160) will be denied. Pleasant's claims will be dismissed. The action will be dismissed. Pleasant's Motion to Deny the United States Motion to Dismiss (ECF No. 163) will be denied. A certificate of appealability will be denied.

The Clerk is directed to send a copy of the Memorandum Opinion to Pleasant and counsel for the Government.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: December 28, 2018