IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.   Civil Action No: 3:20CV575
     Criminal No. 3:00CR71

JEFFREY A. PLEASANT

MEMORANDUM OPINION

By Memorandum Opinion and Order entered on December 28, 2018, the Court denied Jeffrey A. Pleasant's successive motion under 28 U.S.C. § 2255 that had been authorized by the United States Court of Appeals for the Fourth Circuit ("Successive § 2255 Motion"). United States v. Pleasant, No. 3:00CR71, 2018 WL 6834358, at *5 (E.D. Va. Dec. 28, 2018). On July 29, 2020, the Court received from Pleasant a motion seeking relief under Federal Rule of Civil Procedure 60(b) ("Rule 60(b) Motion").[1] In his Rule 60(b) Motion, Pleasant contends that the December 28, 2018 Judgment denying his Successive § 2255 Motion is void because, although he invoked the Court's jurisdiction under 28 U.S.C § 2255, he used a form for seeking relief under 28 U.S.C. § 2254. As discussed below, Pleasant's Rule 60(b) Motion is simply frivolous.

I. PROCEDURAL HISTORY

Following a jury trial, Jeffrey A. Pleasant was convicted of two counts of interfering with commerce by threats or violence,

---

[1] The Clerk filed Pleasant's Rule 60(b) Motion as a new civil action because Pleasant did not list his criminal action number on the 60(b) Motion. Instead, he indicated that he wished to have the 60(b) Motion processed as a new civil action.

two counts of carrying a firearm during and in relation to a crime of violence, two counts of possession of a firearm in furtherance of a crime of violence, and one count of possession of a firearm by a convicted felon. See United States v. Pleasant, 31 F. App'x 91, 92 (4th Cir. 2002). The Court "determined that Pleasant qualified as an armed career criminal under 18 U.S.C.A. § 924(e) (West 2000) and sentenced him to a total of 622 months imprisonment." Id.

Pleasant appealed. The United States Court of Appeals for the Fourth Circuit affirmed Pleasant's convictions and sentence on February 19, 2002. Id. at 93.

Following his direct appeal, this Court denied a 28 U.S.C. § 2255 motion by Pleasant. See United States v. Pleasant, 73 F. App'x 653 (4th Cir. 2003). In the following years, the Court denied a host of unauthorized, successive § 2255 motions filed by Pleasant. See, e.g., United States v. Pleasant, No. 3:00CR71, 2013 WL 2950522, at *1 (E.D. Va. June 13, 2013).

In April of 2017, Pleasant requested permission from the United States Court of Appeals for the Fourth Circuit to file a successive application for § 2255 relief with this Court. See Pleasant, 2018 WL 6834358, at *1 (citation omitted). On May 23, 2017, the Fourth Circuit granted Pleasant permission to file a successive § 2255 Motion with this Court. See id. (citation omitted). Pleasant had attached a copy of his proposed, successive

28 U.S.C. § 2255 motion to his request for authorization to file a successive § 2255 motion. See id.

In his present 60(b) Motion, Pleasant makes a great deal out of the fact that his proposed, successive § 2255 Motion was placed on the forms for filing a petition under 28 U.S.C. § 2254. The use of this form was and is of no moment because Pleasant clearly sought to challenge his federal sentence and conviction and repeatedly referred to the motion as one seeking relief under 28 U.S.C. § 2255.

On June 14, 2017, the Court received from Pleasant his "MOTION FOR RELIEF PURSUANT TO 28 U.S.C. § 2255 AND JOHNSON V. UNITED STATES 135 S. Ct. 2551 (2015)." See id. at *2. The Court construed this submission as his § 2255 Motion. In his § 2255 Motion, in support of Ground One, Pleasant contended that, in light of Johnson, he was improperly sentenced to an enhanced sentence under the Armed Career Criminal Act ("ACCA"). Specifically, Pleasant contended:

> Because the petitioner no longer has three ACCA-qualifying convictions, he is no longer an armed career criminal. His sentence should be vacated because Johnson established a "new rule of constitutional law," that has been "made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

See id. *2 (citation omitted). The Court found that Ground One was barred by the relevant statute of limitations and that Ground Two, an equal protection claim, was frivolous. See id. *3-4. Pleasant attempted to amend his § 2255 motion to add Grounds Three

3

through Five; however, that motion was denied because the claims were dismissed as successive and unauthorized. See id. *3.

Pleasant noted an appeal. On May 29, 2019, the United States Court of Appeals for the Fourth Circuit denied a certificate of appealability and dismissed the appeal. United States v. Pleasant, 767 F. App'x 572 (4th Cir 2019).

## II. RULE 60(b) MOTION

In his Rule 60(b) Motion, Pleasant contends that the Court should vacate the denial of his § 2255 Motion because the "December 28, 2018 order is void for lack of jurisdiction, the Court erred in entering the order denying Pleasant's § 2255 Motion and all other pleadings, the did Court not have an authorized § 2255 motion before it, but a § 2254 Petition instead." (Rule 60(b) Mot. 4 (capitalization corrected) (punctuation omitted).)

A party seeking relief under Federal Rule of Civil Procedure 60(b) must make a threshold showing of "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." Dowell v. State Farm Fire & Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993) (quoting Werner v. Carbo, 731 F.2d 204, 207 (4th Cir. 1984)). After a party satisfies this threshold showing, "he [or she] then must satisfy one of the six specific sections of Rule 60(b)," id. (citing Werner, 731 F.2d at 207), which are: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could

not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud or misconduct of an adverse party; (4) a void judgment; (5) a satisfied judgment; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b). Here, Pleasant invokes sections (4) and (6).

Pleasant's 60(b) Motion is entirely frivolous. The Court clearly addressed his authorized, successive § 2255 Motion. The fact that Pleasant chose to use the form for filing a petition under 28 U.S.C. § 2254 does not alter that conclusion. His contention to the contrary elevates form over substance. Accordingly, Pleasant's Rule 60(b) Motion will be denied and the action will be dismissed. The Clerk will be directed to file a copy of the 60(b) Motion and this Memorandum Opinion and Order in Pleasant's criminal file, <u>United States v. Pleasant</u>, No. 3:00CR71 (E.D. Va.). A certificate of appealability will be denied.

The Clerk is directed to send a copy of this Memorandum Opinion to Pleasant and counsel for the United States.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: November 5, 2020

5